**Husband H., Defendant Below, Appellant,**

**v.**

**Wife H., Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted April 20, 1976.

Decided May 11, 1976.

Howard T. Ennis, Jr., of Ennis & Fuqua, Georgetown, for defendant-appellant.

Nicholas H. Rodriguez, of Schmittinger & Rodriguez, Dover, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY, J., and MARVEL, Vice Chancellor.

PER CURIAM:

The critical question in this appeal is whether a decree *nisi*, entered by the Superior Court in a suit by the Wife on the grounds of incompatibility, 13 Del.C. § 1522(12), should be set aside. A post-trial evidentiary hearing was held in which the Husband sought to establish that his Wife concealed from the Trial Judge her reason for wanting a divorce, namely, to marry another who also was obtaining a divorce. The Husband's purpose was, of course, to show that the Wife's marital misconduct, not reciprocal conflict of personalities, produced whatever incompatibility existed between them.

The crucial testimony offered by the Husband was that of a 16-year-old daughter of the parties who was a principal witness at the hearing. The substance of her testimony related to telephone conversations and a tape of such a conversation between her mother and the third person. But, on objection, the Trial Judge refused to hear much of her testimony because he concluded that it was hearsay. A review of the transcript makes it clear that the witness was limited to testifying as to what she had heard her mother say; statements made by the third person were ruled inadmissible. As a result, the Court received only a disjointed and fragmentary account of conversations which were at the heart of the post-trial petition.

In our view, exclusion of testimony as to statements made by the third person during

---

the telephone conversations with the Wife, or a tape recording of such conversation, was error. Under the circumstances here present, the Court's interest was whether or not such statements were *made,* not whether they were true. The witness could testify from first-hand knowledge as to what she *heard,* that is, what was *said* by the third person, and, of course, she could be cross-examined on her testimony. Whether statements made by the third person were true is not significant. In a word, the out-of-court utterances were not hearsay within the exclusion rule, *Mc-Cormick on Evidence* (2 ed) § 249; this is so because they did not "rest for their value upon the veracity of the out-of-court declarant," *McCormick* supra, but, rather, upon the testimony of the in-court witness. Thus they fell outside the hearsay classification.

The evidentiary ruling made by the Trial Court was so basically prejudicial to the Husband's claim that fairness requires that the judgment be reversed so that a determination on the petition may be made after weighing all of the admissible evidence.

Reversed.